CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 0 3 2008

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| United States of America,<br>　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>Cristobal Hernandez Hernandez,<br>　　　　　　　　　　*Defendant.* | CRIMINAL ACTION NO. 4:00cr70113-2<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 635 to the United States Sentencing Guidelines, and 18 U.S.C. § 3553(a)(2)(c) [Docket #81]. For the following reasons, Defendant's motion is denied.

Defendant was indicted on October 17, 2000, for conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. § 846. Defendant pled guilty on July 12, 2001, pursuant to a written plea agreement. The parties stipulated in the plea agreement that Defendant would be held accountable to at least 15, but less than 150 kilograms of cocaine in relevant conduct.[1]

The Court held a sentencing hearing on November 6, 2001, and held that Defendant's base offense level under U.S.S.G. § 2D1.1(c)(2) was 36 based on at least 50, but less than 150 kilograms of cocaine. The Court reduced his offense level by two levels pursuant to the safety valve in U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2, which resulted in an offense level of 34. The Court further reduced Defendant's offense level by two levels pursuant to U.S.S.G. § 3E1.1(a) because he

---

[1] The U.S. Probation Officer assigned to this matter determined that Defendant would have been held accountable for at least 300 kilograms of cocaine in relevant conduct if not for the stipulated drug quantity, which would have resulted in a guideline range of 188 to 235 months. Thus, Defendant's stipulation as to the drug quantity resulted in a significantly lower sentence than he otherwise would have received.

accepted responsibility, which resulted in a Total Offense Level of 32. The Court then found that Defendant had zero criminal history points and, as a result, that his Criminal History Category was I and the applicable guideline range was 121 to 151 months of imprisonment. Accordingly, the Court sentenced him to 121 months of imprisonment.

Defendant asks the Court in his motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), Amendment 635, and 18 U.S.C. § 3553(a)(2)(c). Defendant asks for a two level reduction in his total offense level because, according to Defendant, he played a substantially less culpable role than the average participant and, therefore, should receive a two level reduction under U.S.S.G. § 3B1.2. Defendant also asks for a two level reduction because he is an alien who will be deported upon completion of his sentence.

Section 3582(c) of Title 18 permits the Court to modify an imposed term of imprisonment in limited circumstances, which include when the Director of the Bureau of Prisons makes a motion to reduce a defendant's term of imprisonment or when the term of imprisonment imposed was based on a guidelines range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. §§ 3582(c)(1)–(2). Amendment 635 clarified when a defendant should receive an adjustment for a minor or minimal role under U.S.S.G. § 3B1.2. Amendment 635 does not apply retroactively to defendants sentenced prior to November 1, 2001. See U.S.S.G. § 1B1.10(c). The Court sentenced Defendant on November 6, 2001, however, and Amendment 635 therefore applies to his sentence.

The determination of whether a defendant played a minor or minimal role in an offense is necessarily a fact-based determination that requires the Court to weigh the totality of the circumstances. See U.S.S.G. § 3B1.2, app. note 3(C). In this case, the Court did decide that Defendant was not an organizer, leader, manager, or supervisor of others in the offense in order to apply the safety valve under U.S.S.G. § 5C1.2(a). The Court did not find, however, the Defendant

2

Case 4:00-cr-70113-NKM   Document 83   Filed 07/03/08   Page 2 of 3   Pageid#: 80

played a minor or minimal role because Defendant not only distributed powder cocaine and marijuana, but also collected money for drug transactions made by his brother, Antonio Hernandez, and took over the organization after Antonio Hernandez left the United States to return to Mexico. Therefore, the Court found that Defendant was not entitled to a reduction under U.S.S.G. § 3B1.2 as amended by Amendment 635.

Defendant has failed to demonstrate any reason why the Court erred in its finding at sentencing. Moreover, the fact that Defendant will be deported upon completion of his sentence is not a sufficient justification to take his case outside the heartland of the Guidelines and to warrant a downward departure. The above notwithstanding, the Court further lacks jurisdiction to consider his motion because Amendment 635 was in effect at the time of sentencing and, therefore, is not a retroactive amendment that would authorize the Court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2). Accordingly, the Court cannot reduce his sentence pursuant to 18 U.S.C. § 3582, and it is hereby

ORDERED and ADJUDGED

that Defendant's motion for a reduction in sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 635 shall be and hereby is DENIED. [Docket #81]

The Clerk of the Court is hereby directed to send a copy of this Order to Defendant and counsel of record for the United States.

It is so ORDERED.

Entered this 3rd day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3